UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN LAMAR BLAKE,

        Plaintiff,

v.

                                       Case No. 3:23-cv-399-BJD-MCR

E.S. YOUNG, et al.,

        Defendants.
_____

**ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff Kevin Lamar Blake, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Doc. 1. He is proceeding *in forma pauperis* on a Second Amended Complaint. Doc. 19. Plaintiff names eleven Defendants – E.S. Young; R. Covey; W. Shomp; T. Allen; R. Reagor; Sergeant Fowler; John Doe; E. Borrero; K. Price; J. Shumate; and S. Carlan. *Id.* at 2-3, Doc. 19-1 at 1-2. Plaintiff alleges that on November 14, 2022, while housed at Florida State Prison, Defendants Shumate and Price advised Plaintiff he was being placed on property restriction. Doc. 19-1 at 2-3. When he asked why, Defendant Shumate responded that he did not know why officer's placed Plaintiff on property restriction. *Id.* at 3. Plaintiff alleges Defendant Borrero then inventoried Plaintiff's personal property while it was removed from his cell. *Id.* at 3.

Plaintiff claims that following the removal of his property, Defendants Shomp, Allen, Reagor, Fowler, John Doe, and Price used excessive force on Plaintiff during a cell extraction; Defendants Young and Covey failed to intervene during the use of force; and Defendant Carlan obscured the handheld camera footage during the use of force to hinder the recording of the cell extraction team. *Id.* at 3-4. According to Plaintiff, officers returned some of his property three days later and he received the rest of his property eight days later. *Id.* at 4. He claims Borrero and Shumate's property restriction amounted to unconstitutional conditions of confinement, and the remaining Defendants' participation in the use of excessive force violated the Eighth Amendment. Doc. 19 at 3. As relief, Plaintiff requests compensatory damages. *Id.* at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from this relief. *See* 28 U.S.C. § 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. *Freeman v.*

*Sec'y, Dept. of Corr.*, 679 F. App'x. 982, 982 (11th Cir. 2017)[1] (citing *GJR Inv., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

As for whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); *see generally* Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Liberally read, Plaintiff's Second Amended Complaint fails to state a plausible § 1983 claim against Borrero and Shumate. To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." *Id.* at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. *Id.* Plaintiff does not allege the conditions of his

4

confinement posed an unreasonable risk to his health or safety of which Defendants Shumate and Borrero were aware.

The Eleventh Circuit has expressly held a prisoner who alleges he was placed on short-lived strip status or property restriction fails to state a claim under the Eighth Amendment. *See Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[] that create[s] a substantial risk of serious harm."); *see also O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (holding that the prisoner failed to state the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks). Because Plaintiff's Eighth Amendment claim against Borrero and Shumate turns on facts the Eleventh Circuit has held do not amount to an Eighth Amendment violation, his claims against those Defendants necessarily fails. *See Woodson*, 673 F. App'x at 932; *O'Connor*, 644 F. App'x at 932.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Eighth Amendment claims against Defendants Borrero and Shumate are **DISMISSED without prejudice**. The **Clerk** must terminate Borrero and Shumate as Defendants in this action.

5

2.  Plaintiff's Eighth Amendment claims against the remaining Defendants will proceed. A separate Order will enter regarding service of process.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of December 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Kevin Lamar Blake, #X83762