**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KEVIN LAMAR BLAKE,

Plaintiff,

v. Case No. 3:23-cv-399-BJD-MCR

E.S. YOUNG, et al.,

Defendants.

---

**ORDER**

Before the Court is Defendants' Motion for Taxation of Costs (Doc. 88; Motion), filed pursuant to Federal Rule of Civil Procedure 54. Defendants seek a total of $872.70 in costs against Plaintiff (Doc. 88-1 at 1-2; Bill of Costs). This amount includes $708.15 for Plaintiff's deposition and transcript (Doc. 88-1 at 3-6; Deposition Invoice) and $164.55 for copying costs (Doc. 88-1 at 7-10; Itemized Copy Costs). Plaintiff has not filed a response to Defendants' Motion.

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A strong presumption exists in favor of granting an award of costs to the prevailing party. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017).

Under 28 U.S.C. § 1920, the following costs are taxable:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

On August 17, 2026, the Court granted summary judgment in favor of Defendants (Doc. 84), and the following day the Clerk entered judgment accordingly (Doc. 85). As the prevailing parties, Defendants are entitled to an award of costs necessarily incurred in defending the action. In compliance with 28 U.S.C. § 1924, Defendants' attorney verifies the costs sought are "correct and were necessarily incurred in this action." (Bill of Costs at 1). The Court finds the costs sought to be taxed were necessarily incurred to defend this action and are taxable costs as enumerated under § 1920.

Finally, Defendants request that any award of costs accrue interest. (Motion at 3-4) (citing *Procaps v. Patheon, Inc.*, No. 12-24356-CIV-GOODMAN, 2016 WL 411017, at *14 (S.D. Fla. 2016) ("When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." (citing *Bank Atlantic v. Blythe Eastman Pain Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) and *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1339 (S.D. Fla. 2009))). Section 1961(a) provides that "[i]nterest

shall be allowed on any money judgment in a civil case recovered in a district court." Additionally, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of judgment." 28 U.S.C. § 1961(a). Here, judgment was entered in Defendants' favor on August 18, 2026. (Doc. 85). Therefore, interest is awarded, and it shall accrue from that date at the legal rate established by § 1961.

Accordingly, it is **ORDERED**:

1. Defendants' Motion for Taxation of Costs (Doc. 88) is **GRANTED**.

2. The **Clerk** must **TAX** costs in favor of Defendants Young, Covey, Shamp, Allen, Reagor, Fowler, Price, Carlan, and Lingold, and against Plaintiff in the amount of **$872.70**, plus post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961 from the date of August 18, 2026.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2026.

Brian J. Davis

BRIAN J. DAVIS
United States District Judge

C: Kevin Lamar Blake, #X83762
Counsel of record